**Sukjin Henry Cho, Esq.**
2160 North Central Road, Suite 305
Fort Lee, NJ 07024
(201) 886-0200
Attorney ID# 015281987
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **OTG New York, Inc.,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**OTTOGI America, Inc.,**<br><br>***Defendant*.** | **Civil Action**<br>**No. 24-cv-07209**<br><br>**REPLY BRIEF** |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO CONSOLIDATE**

Plaintiff OTG New York, Inc. ("OTGNY" or "Plaintiff") respectfully submits this Reply Brief to Defendant Ottogi America Inc.'s ("Ottogi America" or "Defendant") opposition to OTGNY's motion to consolidate, stay, or enjoin the duplicative California state court action arising out of the same distribution agreement. Defendant's opposition misrepresents the applicable legal standards and the nature of the underlying actions. OTGNY seeks consolidation under Rule 42(a) not for tactical advantage, but to avoid duplicative litigation, including offsetting damage issues, and wasted judicial resources. Both actions involve the same parties, nearly identical factual

allegations, and overlapping legal claims. Consolidation is warranted and aligns with both judicial economy and the weight of persuasive precedent.

## I. CONSOLIDATION IS WARRANTED BECAUSE THIS ACTION WAS FILED FIRST AND HAS PROGRESSED FURTHER THAN THE CALIFORNIA STATE COURT CASE.

Federal courts favor consolidation where the first-filed case has progressed further and where discovery has begun. Here, the New Jersey case was filed first and has entered the discovery phase, whereas the California state court case is still in its infancy. Consolidation will serve judicial economy and avoid inconsistent judgments.

In *U.S. Claims, Inc. v. Smolar*, 574 F. Supp. 2d 487 (E.D. Pa. 2008), the court consolidated two actions where the federal case was filed first and discovery had already begun. The court emphasized that "[j]udicial economy and the interests of justice are best served by consolidating cases where the earlier-filed case has progressed further." Similarly, in *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363 (D. Del. 2009), the court noted that “[c]oncurrent litigation in different forums involving the same parties and similar claims creates a risk of inconsistent judgments and duplication of effort.”

Both actions revolve around OTGNY’s former relationship with Ottogi America, including alleged early termination, distribution and sales disputes, and market control in the East coast of the United States. Claims of breach of contract, unjust enrichment, and business interference overlap in both cases. Defenses like forum selection and cure rights are at issue in both forums. Discovery in both will require identical documents, witnesses, sales effort, and sales data including damages.

Here, the New Jersey action was filed one month before the California state action. Discovery—including interrogatories and requests for production—has already begun for the New Jersey Federal court action since September 2024. While OA argues that the California case is progressing, no discovery including no depositions have occurred there. In contrast, OTG NY has actively litigated its claims in this federal forum. Under *Smolar* and *Nihon Tsushin*, consolidation is proper because the first-filed federal action has progressed with discovery and duplicative litigation will burden both courts and parties.

Because the cases share overlapping legal and factual issues, and involve the same commercial disputes between the parties, consolidation is appropriate under established precedent and aligns with the first-filed rule and judicial efficiency. While Mr. Choi, who owns 100% of OTGNY, the defendant in the California state action is merely alleged as the personal guarantor of payments for transactions and pending disputes between the parties.

## II. DEFENDANT'S OPPOSITION MISCHARACTERIZES THE POSTURE AND PROGRESS OF THE TWO CASES.

Defendant inaccurately suggests the California state case is more advanced. In fact, No Discovery has occurred there, while the New Jersey case has proceeded under the supervision of this Court since September 2024. Thus, the equities favor the federal court retaining control and consolidating the actions.

Courts have held that differences in procedural posture are not dispositive. As long as consolidation promotes efficiency and avoids inconsistent rulings, the court may order it. Courts recognize that minor variations in case status do not preclude consolidation. In *Flint v. A.P. DeSanno & Sons*, 234 F. Supp. 2d 506 (E.D. Pa. 2002), the court emphasized that when determining where litigation should proceed, "the posture of the cases and the extent of progress

made are key considerations." Likewise, in *Kendall v. Lancaster Exploration & Dev. Co., LLC*, 323 F. Supp. 3d 664 (M.D. Pa. 2018), the court found that "[w]hen one action has progressed significantly more than another, courts should consider the efficient administration of justice and the prevention of duplicative litigation."

While no discovery (interrogatories and document requests) has begun in the California action, the California proceedings remain in the early stages with the pending motions to quash filed by OTGNY. In contrast, the New Jersey action — which was filed first — is actively advancing with written discovery (including interrogatories and document requests) and presents the proper venue for coordinated resolution of all overlapping claims when consolidated.

Ottogi America's characterization of the California case's posture is inaccurate, and the real progression of the cases supports consolidation in this District. Courts routinely consolidate even when early-stage discovery differs slightly. Here, consolidation at this phase is not only preferred but also equitable.

## III. CONSOLIDATION IS APPROPRIATE DESPITE DIFFERENT FORUMS, WHERE COMMON FACTUAL AND LEGAL ISSUES PREDOMINATE

Federal courts may consolidate cases even when one action is pending in a state court if doing so will promote judicial economy and avoid duplicative proceedings. The overlap of legal issues and factual allegations here warrants such relief.

Federal courts maintain a "virtually unflagging obligation" to exercise jurisdiction, and consolidation can proceed even when similar actions exist in state court. In *United States v. $999,830.00 in U.S. Currency*, 704 F.2d 928 (5th Cir. 1983), the court affirmed consolidation where cases in different jurisdictions involved overlapping factual issues. The key factor was "the substantial identity of issues and the avoidance of unnecessary duplication." Additionally, in *Reno*

*Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006), the court allowed federal consolidation despite parallel proceedings in state court, emphasizing that consolidation "serves to streamline related claims, particularly where forum conflicts may prejudice a party's ability to litigate fully."

While Ottogi America has filed an action in California Superior Court, that case concerns the same alleged breach of contract, exclusive distribution disputes and offset damages after trial. OTG NY's NJ federal case and OA's California action share not only parties but core factual issues: the early termination of the distribution relationship, OA's alleged interference with OTG NY's customer base, and the transfer of OTG NY personnel and operations. These overlapping claims and witnesses warrant coordinated litigation. As in *$999,830.00* and *Reno Air Racing*, judicial efficiency and fair process weigh heavily in favor of consolidation. This Court is not only permitted, but encouraged, to exercise jurisdiction with consolidated both actions where federal claims are properly pled and both parties are properly before the court.

The California state case has no preclusive effect on this Court's consolidation power and should not block a coordinated proceeding. The mere pendency of a related state court case does not bar consolidation where the legal and factual overlap is extensive and where the federal action was filed first between the parties of two different states.

## IV. JUDICIAL ECONOMY AND CONSISTENCY STRONGLY FAVOR CONSOLIDATION.

We believe Consolidation will minimize duplication, conserve court and party expenses and resources, and ensure equitable outcomes.

Federal courts favor consolidation where separate cases would entail overlapping discovery, duplicative motion practice, or unnecessary duplicative trials. In *Waste Distillation*

*Tech., Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759 (D. Del. 1991): Consolidation was granted to avoid duplicative proceedings on "the same nucleus of operative facts." Additionally, in *Schnabel v. Lui*, 302 F.3d 1023 (9th Cir. 2002): Efficiency and consistency are core drivers for consolidating cases involving the same parties and business disputes. Further, in *McCoy v. Northampton Cnty. Dist. Attorney*, 2011 U.S. Dist. LEXIS 111482 (E.D. Pa. Sept. 29, 2011): Consolidation was appropriate where actions were "factually intertwined and required similar discovery."

Plaintiff OTG NY and Defendant Ottogi America would otherwise engage in duplicative document exchange, witness depositions, and expert engagement both in the States of New Jersey and California. Judicial resources in both forums will be burdensome to a small company like plaintiff OTGNY unnecessarily, compared to the defendant OTTOGI America, which is 100% owned by the conglomerate OTTOGI Co. Ltd. in Korea.

Efficiency, fairness, and consistency favor consolidation, and this Court should grant the motion to prevent waste and conflicting outcomes.

## CONCLUSION

The opposition fails to rebut the appropriateness of consolidation. The cases at issue involve the same parties, arise fundamentally from the same commercial dispute, and contain overlapping legal and factual questions including offsetting damage issues. Differences in procedural posture or venue do not defeat consolidation. Rather, they underscore the need for coordinated litigation. Plaintiff respectfully requests this Court grant the Motion to Consolidate and coordinate the parallel litigation between the New Jersey federal action and the California state court action in this Court.

Dated: June 2, 2025

Respectfully submitted,

/s/ Sukjin Henry Cho
Sukjin Henry Cho, Esq.
2160 North Central Road
Suite 305
Fort Lee, New Jersey 07024
(201) 866-0200
*Attorney for Plaintiff*