UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTG New York, Inc.,<br><br>*Plaintiff,*<br><br>v.<br><br>OTTOGI America, Inc.,<br><br>*Defendant.* | Civil Action<br>No. 24-cv-07209<br><br>**RESPONSE TO ORDER TO SHOW CAUSE REGARDING RULE 11** |

TO THE HONORABLE JOSE R. ALMONTE, U.S.M.J.:

Counsel for Plaintiff OTG New York, Inc., respectfully submits this response pursuant to the Court's **June 27, 2025 Order to Show Cause,** and states the following:

## I. INTRODUCTION

On May 15, 2025, Plaintiff filed a Motion for Consolidation. Defendant submitted its opposition on May 29, 2025. Plaintiff's Reply Brief was due shortly thereafter, by June 4, 2025. During this timeframe, undersigned counsel was attending the Annual Methodist Church Conference in Detroit, Michigan, from June 1 through June 5. Due to these obligations and resulting time constraints, counsel did not conduct an adequate final review of the research prepared by an assistant and, regrettably, submitted the Reply Brief without sufficient scrutiny.

Upon review of the Court's Order and a thorough reexamination of the citations contained in Plaintiff's Reply Brief (ECF No. 42), Plaintiff's counsel acknowledges the Court's concerns and offers the following clarifications. Counsel sincerely apologizes for any confusion caused by the inclusion of legal authorities that (1) lacked precise pin cites, (2) were paraphrased without

1

sufficient context, or (3) may have been inadvertently included due to overreliance on generative prompts during early-stage research.

After careful review and access to the full LexisNexis database, Plaintiff affirms that no fabricated cases were knowingly included in the submission and that every citation was intended to reference valid, existing precedent. However, Counsel recognizes the importance of direct verification and citation precision, particularly when summarizing case law.

## II. CERTIFICATION UNDER RULE 11(b)

Pursuant to Fed. R. Civ. P. 11(b)(2), Plaintiff's counsel certifies that, at the time of filing the Reply Brief:

1. Legal research was conducted with the support of generative AI tools and draft summaries, supplemented by targeted LexisNexis database searches.

2. The intention was to rely solely on valid, existing judicial authority in support of a good-faith and non-frivolous legal argument in favor of consolidation.

3. All arguments were believed to be warranted by existing law or presented as good-faith proposals for the extension or modification of current doctrine.

Nonetheless, Counsel acknowledges and understands the heightened duty to confirm that all citations—particularly quoted material—must be independently verified from source decisions.

## III. REMEDIAL ACTION AND COMPLIANCE

In response to the Court's Order and to ensure ongoing compliance with Rule 11, Plaintiff's counsel has implemented the following measures:

1. Reviewed all citations in the Reply Brief for accuracy and source validity;

  2. Conducted a second-level verification of all legal authorities via licensed LexisNexis access;

  3. Established an internal policy prohibiting reliance on AI-generated summaries without direct case law confirmation;

  4. Committed to using LexisNexis identifiers or Westlaw citations for all future filings.

However, upon further review, two citations raised the most significant concerns. First, *United States v. $999,830.00 in U.S. Currency*, 704 F.2d 928, could not be located through LexisNexis or other legal research tools. The quotation attributed to this case—regarding "substantial identity of issues" and federal consolidation across jurisdictions—could not be verified. This suggests that the quote appears to have been either misattributed or unintentionally generated through flawed AI-assisted drafting.

Second, while *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, is a valid Ninth Circuit decision, it deals primarily with trademark infringement, temporary restraining orders (TROs), and civil contempt. It does not address Rule 42 consolidation or the coordination of parallel federal and state proceedings. The citation and associated quote in the Reply Brief—which implied that the case supports federal consolidation to "streamline related claims where forum conflicts may prejudice a party's ability to litigate fully"—appear to be an overly broad or inaccurate paraphrasing of the decision. Accordingly, Plaintiff's counsel no longer relies on that case to support the requested relief and acknowledges the importance of accurately aligning a case's holding with the proposition for which it is cited.

Going forward, Plaintiff's counsel has instituted and will continue to implement verification safeguards to ensure that all authorities relied upon in filings are not only valid but are quoted or summarized with fidelity to the actual case law. These safeguards include secondary

review by counsel, full-text case law verification, and citation tracking through licensed platforms such as LexisNexis or Westlaw.

## IV. REQUEST FOR COURT'S CONSIDERATION

Plaintiff respectfully requests that the Court consider this submission as a good-faith effort to clarify the record and ensure full compliance with Rule 11. Counsel affirms that any citation discrepancies were unintentional, not made to mislead the Court, and have now been addressed through stricter verification protocols and internal safeguards.

With the court's permission, Plaintiff hereby withdraws the Reply Brief (ECF No. 42), although it notes that the Motion to Consolidate has already been denied.

Counsel accepts full responsibility for the submission and respectfully defers to the Court regarding any appropriate sanction.

Dated: July 11, 2025

Respectfully submitted,

Sukjin Henry Cho, Esq.
*Attorney for Plaintiff OTG New York, Inc.*