# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OTG NEW YORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> OTTOGI AMERICA, INC., <br><br> Defendant. | Civil Action No. <br><br> 24-cv-07209 (BRM) (JRA) <br><br><br> **OPINION AND ORDER** |

Before the Court is an Order to Show Cause as to why sanctions should not be imposed upon Sukjin Henry Cho, Esq., counsel for Plaintiff OTG New York, Inc. ("Plaintiff"), pursuant to Rule 11(c) of the Federal Rules of Civil Procedure. ECF No. 43. The Order to Show Cause stems from the Court's suspicion—and later confirmation—that Mr. Cho cited to nonexistent cases and fabricated legal propositions derived from generative artificial intelligence ("AI") in support of Plaintiff's Motion to Consolidate at ECF Nos. 40, 42. *Id.* Since then, Mr. Cho has confirmed that he indeed used AI, which provided him with hallucinated case law and propositions that he then incorporated into his reply brief without verification. *See* ECF No. 44. The Court has considered Plaintiff's submission in response to the Court's Order and decides the Order to Show Cause without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons set forth below, only monetary sanctions will be imposed.

## I. BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2024, Plaintiff filed its complaint against Defendant OTTOGI America, Inc. ("Defendant"). Compl., ECF No. 1. In short, Plaintiff seeks twenty million dollars in damages due to Defendant's alleged unjust enrichment and breach of contract. *See generally id.* Discovery has begun in this matter and is currently ongoing. *See* ECF Nos. 21, 36. Relevant here, on May 14, 2025, Plaintiff filed a Motion to Consolidate, requesting that this Court consolidate the instant matter with Defendant's case against Plaintiff that was filed in California state court. *See* ECF. No. 40 at 1. Defendant opposed Plaintiff's motion, to which Plaintiff submitted a reply brief. ECF Nos. 41-42. After considering the parties' arguments, on June 27, 2025, the Court issued its Order denying Plaintiff's Motion to Consolidate.

When reviewing the parties' submissions, the Court found various discrepancies in Plaintiff's Reply to Defendant's opposition ("Reply"). ECF No. 42. The Court identified the following issues with the legal authority cited within Plaintiff's Reply: the cases cited either (1) did not exist, (2) did not support Plaintiff's propositions and/or were irrelevant to the issue at hand, or (3) did not contain the supposed quoted authority that Plaintiff asserted. *See* ECF No. 43. Following the Court's decision on the Motion to Consolidate, the Court issued a simultaneous Order to Show Cause requesting that Plaintiff's counsel, Mr. Cho, demonstrate why sanctions should not be imposed upon him for failure to comply with his affirmative duties under Rule 11. *Id.*

Mr. Cho filed a timely response, admitting that time constraints and scheduling conflicts prevented a diligent review of the legal authority cited within the Reply, and that "[l]egal research was conducted with the support of generative AI tools and draft summaries, supplemented by targeted LexisNexis database searches." ECF. No. 44 at 1-2. In light of the errors revealed within the Reply that were due to the use of the generative AI, Mr. Cho has advised that he has taken immediate remedial measures including "stricter verification protocols and internal safeguards" to prevent any further violations of Rule 11. *Id.* at 3-4.

## II. LEGAL STANDARD

Rule 11(b)(2) of the Federal Rules of Civil Procedure states, in part, that an attorney presenting a written motion to a court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]"  Fed. R. Civ. P. 11(b)(2); s*ee Napier v. Thirty or More Unidentified Fed. Agents, Emps. or Officers*, 855 F.2d 1080, 1091 (3d Cir. 1988) ("To satisfy the affirmative duty imposed by Rule 11, an attorney must inquire into both the facts and the law before filing papers with the court."). At the core of Rule 11 lies the expectation that litigants will promote the fair administration of justice by grounding their arguments in binding, persuasive, or otherwise instructive authority. Equally fundamental is the duty of candor to the Court, which obligates litigants to acknowledge legal authority even when it runs

3

counter to their own positions. As the Third Circuit highlighted, that "means steering clear of 'half-truths, inconsistencies, mischaracterizations, exaggerations, omissions, evasions, and failures to correct known misimpressions created by [the lawyers'] own conduct.'" *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 148 (3d Cir. 2024) (alteration in original) (quoting *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 511 (4th Cir. 2018)). Thus, effective advocacy does not hinge upon suppressing the truth, but rather upon presenting the Court with a forthright and accurate account of the facts and law.

When assessing whether an attorney violated Rule 11, a court uses a "reasonableness under the circumstances" standard. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551, (1991)). The Third Circuit has made clear that finding cause for sanctions under Rule 11 "requires only negligence, not bad faith[,]" and is "an important tool to deter litigation misconduct." *Wharton*, 95 F.4th at 147 (citation omitted). With negligence as the standard, "courts can sanction lawyers for what they should have known, not just what they knew." *Id.* at 148. "Lawyers cannot avoid sanctions by unreasonably failing to investigate whether their factual [or legal] contentions have support." *Id.* (citation omitted). "Though intent is not required, it still matters" in determining the form and severity of sanctions. *Id.* A court may *sua sponte* order an attorney to "show cause why conduct specifically described in the order has not violated Rule 11(b)[,]" and, in fact, must issue such order before imposing monetary sanctions if a violation of the Rule is

found.  Fed. R. Civ. P. 11(c)(3), (5)(B).  Of note, the express purpose of a Rule 11 sanction is to "deter repetition of the conduct or comparable conduct by others similarly situated[,]" rather than penalize.  *Id.* at (c)(4).

Unfortunately, attorneys' use of generative AI without proper oversight has become a prevalent issue for courts across the country.  Examples abound where district courts have found legal briefs containing AI hallucinated case law masked as actual legal authority.  In other words, AI can generate a legal proposition that appears to come from a judicial opinion and is even properly cited under The Bluebook Uniform System of Citation; but there is just one problem—it's not real.  AI made it up.  And those who rely on AI blindly, do so at their own peril.  Courts have imposed monetary fines ranging from $1,000 to up to $6,000, among other sanctions, on attorneys who violated Rule 11 by including AI hallucinated legal authority and propositions.  *See Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-cv-00326, 2025 WL 1511211, at *1-2 (S.D. Ind. May 28, 2025) (adopting in part the Magistrate Judge's report and recommendation by reducing the initial monetary sanction of $15,000 to $6,000 due to counsel's subsequent efforts to educate himself and adhere to the standards of professional conduct moving forward); *Ramirez v. Humala*, No. 24-cv-242, 2025 WL 1384161, at *3 (E.D.N.Y. May 13, 2025) (imposing a $1,000 monetary sanction); *Dehghani v. Castro*, 782 F. Supp. 3d 1051, 1055, 1062 (D.N.M. 2025) (affirming the Magistrate Judge's imposition of Rule 11 sanctions that included a $1,500 monetary sanction, mandatory Continuing Legal Education ("CLE") training, and an order that the attorney must report the

5

imposition of sanctions to the bar disciplinary board of three states); *Benjamin v. Costco Wholesale Corp.*, 779 F. Supp. 3d 341, 351 (E.D.N.Y. 2025) (imposing a $1,000 monetary sanction); *Bunce v. Visual Tech. Innovations, Inc.*, No. 23-cv-1740, 2025 WL 662398, at *4 (E.D. Pa. Feb. 27, 2025) (imposing a $2,500 monetary sanction and ordering the offending attorney to complete a one-hour CLE program related to AI and legal ethics).

## III. DISCUSSION

Turning to the instant case, the Court finds Mr. Cho's conduct plainly violated Rule 11. Mr. Cho—admittedly—failed to make a diligent inquiry into the veracity of the cases submitted to the Court within the Reply and still inexplicably signed and certified the submission. ECF No. 44 at 1-2. In particular, Mr. Cho advised that one case citation could not be verified at all, while another case citation addressed a topic irrelevant to the subject of the motion. *See id.* at 3 ¶ 4. It is axiomatic that attorneys' certifications reflect that any cited authorities are correct and verified to the best of their ability. Indeed, to certify a submission without conducting an adequate citation check is the negligent conduct that Rule 11 was intended to prevent. Fed. R. Civ. P. 11(b)(2); *see Napier*, 855 F.2d at 1091. Proper verification did not occur here. Thus, the Court is satisfied that Mr. Cho violated Rule 11 due to his negligent certification and submission of unverified case law due in part to "overreliance on generative [AI] prompts during early-stage research." ECF No. 44 at 1-2.

In finding that Mr. Cho violated Rule 11, the Court will impose a monetary sanction. Fed. R. Civ. P. 11(c)(1). However, a sanction on the lower end of the range

is warranted here in light of Mr. Cho's prompt admission and honest disclosure, apologies to the Court, and assertion that he will immediately implement safeguards against future AI misuse. *Id.* at (c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."); ECF No. 44 at 2-3. Mr. Cho's admissions and promise to take remedial action mitigate against the most extreme forms of sanctions.

## IV.   CONCLUSION

Accordingly, while Mr. Cho's remorse does not completely excuse his lack of diligence, the mitigating factors lead the Court to conclude that a fine of $3,000.00 is sufficient to deter this conduct in the future. Such payment shall be made to the Clerk of Court within fourteen days of this Order as specified below.

**IT IS, THEREFORE**, on this **18th** day of **September 2025**,

**ORDERED** that Plaintiff's counsel, Mr. Cho, is sanctioned with a fine of $3,000.00 under Rule 11(c), to be made payable to the registry of this Court within fourteen days of this Order; and it is further

**ORDERED** that Plaintiff's Reply at ECF No. 42 shall be marked as WITHDRAWN and shall be STRICKEN from the record by the Clerk of the Court; and it is further

**ORDERED** that within fourteen days of this Order Mr. Cho shall self-report this Order to the disciplinary authority of the state bars of which he is a member and file proof of service on the docket; and it is further

**ORDERED** that Mr. Cho shall serve his client, Plaintiff OTG New York, Inc., with a copy of this Order within fourteen days and file proof of service on the docket.[1]

HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

---

[1] *See Ramirez*, 2025 WL 1384161, at *2-3 (citing *Park v. Kim*, 91 F.4th 610, 616 (2d Cir. 2024)) (ordering offending attorney to serve a copy of the order imposing Rule 11 sanctions on her client); *see also Benjamin*, 779 F. Supp. 3d at 351 (same).